UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 535 IBERVILLE, LLC | CIVIL ACTION |
| VERSUS | NO: 2:24-cv-56 |
| F.H. MYERS CONSTRUCTION CORP., et al. | SECTION: T (3) |

### ORDER AND REASONS

Before the Court is Third-Party Defendant's, Relief Windows, LLC, ("Relief") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). R. Doc. 57. For the following reasons, the motion is **DENIED**.

### BACKGROUND[1]

This case concerns alleged defective construction work for a renovation project (the "Project") at 533-535 Iberville Street (the "Property") in New Orleans. R. Doc. 1. On August 16, 2021, 535 Iberville, LLC ("Plaintiff") filed this suit in Civil District Court for the Parish of Orleans (the "Civil District Court") against defendants including, F.H. Myers Construction Corp. ("Myers"), the general contractor for the Project. R. Doc. 65 at 1. Plaintiff alleges many issues with the construction work and filed an initial petition for breach of contract, conversion, and other construction defect claims against Myers and defendant Travelers Indemnity Company of America. *See generally,* R. Doc. 1-1. For the project, Plaintiff and Myers entered a general contract where Myers agreed it would "furnish all labor, materials, equipment, and services necessary to

---

[1] The Court accepts all the well-pled factual allegations of the petitions as true and views them in the light most favorable to the [non-moving party]. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

1

perform a certain scope of renovation work." R. Doc. 1-1 at ¶¶ 5-6. Myers subcontracted the Project's window work to Relief (the "subcontract"). *See* R. Doc. 45-1 at ¶ 4. Relief was required to install "all wood windows" on the Project. R. Doc. 57-3 at 6. The subcontract contains indemnity and defense provisions which require "[Relief] [] to defend and hold [Myers], its agents, and employees, indemnified…in any way arising out of or connected with performance by [Relief] of the work hereunder…unless [it is] caused solely by negligence of [Myers]." R. Doc. 57-3 at 4. The subcontract also requires Relief to maintain "Public Liability Insurance…includ[ing] contractual liability to insure provisions of the [indemnity clause]." *Id.* Together these two provisions (collectively, the "Indemnity and Defense clauses") serve as the basis for Myers's claim against Relief. R. Doc. 45-2.

Plaintiff's initial petition alleges issues with Myers's work including, failure to perform the work in a good and workmanlike manner and performance of deficient and defective work. *Id.* at ¶¶ 10, 34-35, 47-53. Plaintiff contends "[d]ue to construction defects…[and] the negligence of [] Myers and/or its subcontractors[,] the Property contains numerous defects in its roofing and/or exterior and suffered repeated, ongoing, and substantial water leaks and intrusions of moisture." *Id.* at ¶ 47. Plaintiff maintains that the "water leaks and intrusion resulting from the defects…have caused substantial damage to the property." *Id.* at ¶ 48.

On June 22, 2022, Plaintiff filed its First Supplemental Petition for Breach of Contract, Conversion, and Writ of Sequestration. R. Doc. 1-2. The First Supplemental Petition alleged additional facts about subsequent Hurricane Ida damage to the Property's "exterior walls" and "envelope" and added additional insurer defendants. *Id.* at ¶ 25(g). On December 11, 2022,

Plaintiff filed its Second Supplemental Petition for Breach of Contract, Conversion, and Writ of Sequestration. R. Doc. 7-2. The Second Supplemental Petition alleged new damages—water leaks, intrusions, and structural damage, from the existing "defects in the construction and design of the Project"—and added the project architect and its engineer as defendants. *Id.* at ¶¶ 63-64. Plaintiff did not add Relief as an additional defendant. *See generally* R. Doc. 1-2; R. Doc. 7-2.

On May 15, 2023, the Civil District Court granted Myers leave to file a third-party demand against Relief and another third-party defendant. R. Doc. 45-2. Myers's third-party demand against Relief seeks indemnification for purported derivative liability. Myers's argues that if it is held liable for its work on the Project, some of that work, the window work, was performed by Relief pursuant to the subcontract. R. Doc. 65 at 2. Defendant Certain Underwriters at Lloyd's, London with other defendants later removed this case to federal court on January 6, 2024. R. Doc. 1. Relief now seeks to dismiss the third-party demand on two grounds.

First, Relief contends Myers's third-party demand should be dismissed because there are no factual allegations concerning defective windows. R. Doc. 57 at 4-7. Relief argues that the third-party demand makes only bald assertions that Myers should receive compensation from Relief if it is ultimately liable to Plaintiff. *Id.* at 6. Rather, Relief contends Plaintiff's claims of construction and project "defects" apply only to "roofing, exterior walls, envelope, and structural integrity—not the windows." *Id.* Relief argues Myers's third-party demand for window work is thus outside Plaintiff's claim. *See id.* Accordingly, Relief maintains there is no set of plausible facts to allow the Court to draw a reasonable inference that it is liable, and Myers's third-party claim should be dismissed. *Id.* at 6-7.

3

Myers responds that early-stage Rule 12(b)(6) motions are generally not applicable to third-party claims for defense and indemnity. R. Doc. 65 at 3-6. For Myers, so long as a third-party plaintiff alleges a third-party defendant is derivatively liable to the third-party plaintiff and such relief is factually "foreseeable," a motion to dismiss should be denied. *See id.* at 3. Myers also attaches Plaintiff's Answers to Interrogatories and Request for Production of Documents to further support their claim that Plaintiff's allegations include "water intrusion caused by window leaks." *Id.* at 4. Myers asserts that because (1) it entered a subcontract with Relief to do all the window work on the Project, (2) Plaintiff's allegation of a defective "exterior" includes windows, and (3) Louisiana law has long recognized the right of a general contractor to obtain defense and indemnity from its subcontractor, its third-party demand should survive dismissal. *Id.* at 5-6

In the alternative, Relief argues that the third-party demand fails because the Defense and Indemnity clauses are not enforceable. R. Doc. 57 at 7-11; R. Doc. 76 at p5. Relief contends that Louisiana's anti-indemnity statute ("LAIA") invalidates defense and indemnity clauses absent evidence that the indemnitor, Relief, recovered the cost of required insurance in the contract price. *Id.* at 9 (citing La. R.S § 9:2780.1(I)(1)). Because Myers does not show that Relief recovered the cost of the required insurance in the contract price, Relief argues the Indemnity and Defense clauses are unenforceable. Relief asserts Myers is without valid indemnity and defense clauses and thus has no claim "for defense, indemnity, and/or additional insured status." *Id.* at 10-11.

Myers contends that Plaintiff's reliance on Louisiana's anti-indemnity statute is inapplicable. *Id.* at 6-7 (citing La. R.S § 9:2780.1). Myers argues the statute only nullifies claims that comes from the indemnitee's, Myers, negligence. *Id.* at 6. Because this third-party demand

4

purportedly seeks indemnity for Relief's negligence, the anti-indemnity statute allegedly does not apply. *Id.* at 7. Nevertheless, Myers concedes it cannot collect on this claim until there has been an adjudication. *Id.* at 7 (citing *Bennett v. DEMCO Energy Servs.*, LLC, 386 So. 3d 270 (La. 2024)).

## **LAW AND ANALYSIS**

1. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (internal citations omitted). A court nevertheless "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Third-party demands are governed by Federal Rule of Civil Procedure 14. The Rule allows a third-party plaintiff to assert a claim against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party demand is proper "if the

5

impleaded party is or may be liable for part of 'the claim against [the original defendant.]'" *Mitchell v. Hood*, 614 Fed.Appx. 137, 139 (5th Cir. 2015) (citing Fed. R. Civ. P. 14(a)(1)). It must also assert a viable right to relief under state law. *See Martco Ltd. Partnership v. Bruks–Klockner, Inc.*, 430 Fed.Appx. 332, 335 (5th Cir. 2011). However, a third-party indemnity claim should only be dismissed if "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267–68 (5th Cir. 1991) (cleaned up).

### 2. <u>Myers's Third-Party Demand Against Relief Is Proper Under Rule 14</u>

Fed. R. Civ. P. 14 (a)(1) provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Nevertheless, a third-party demand cannot be used to assert that the third-party defendant is also liable to the plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Rather, a third-party claim may be used for derivative liability claims. *See e.g.*, *Martco Ltd. P'ship*, 430 Fed.Appx. at 334. State substantive law determines whether the right to contribution or indemnity exists. *Smallwood ex rel. T.M. v. New Orleans City*, No. CIV.A. 15-1887, 2015 WL 5883802, at *4 (E.D. La. 2015) (citing *Gen. Dynamics Corp. v. Adams*, 340 F.2d 271, 279 (5th Cir. 1965)). Louisiana law has long recognized the right of a general contractor to obtain defense and indemnity for defects that "ar[ise] out of inherent design defects and faulty installation which were the handiwork of" the subcontractor. *Marco Ltd. P'ship*, 430 F.Appx. at 337 (quoting *Bewley Furniture Co. v. Maryland Cas. Co.*, 285

So.2d 216, 220 (La. 1973)).

As a threshold matter, Rule 14(a)(1) does not prohibit Myers from asserting a third-party demand against Relief. Myers, as the general contractor, subcontracted part of its responsibility to "furnish all labor, materials, equipment, and services necessary" to Relief for the window work. *See* R. Doc. 1-1; 45-1 at ¶ 7. Louisiana law recognizes the general contractor's right to seek indemnity for a subcontractor's defective work. *See, e.g.*, *Bewley*, 285 So.2d at 220. Relief does not dispute this rule of law or deny that it was responsible for the Project's window work. *See* R. Docs. 57, 76. Relief attacks only the third-party demand on factual plausibility and the LAIA. *Id.* If Plaintiff's allegations extend to defective windows, Myers faces liability for Relief's conduct even though it did not actually perform window work. As such, this is not a case where Myers suggests Relief, not it, is liable to Plaintiff. *See, e.g.*, *Kroger*, 437 U.S. at 368. Instead, if Myers is held liable to Plaintiff for "defects" in the project's "exterior," that are ultimately or in part traceable to Relief's window work, this "technical or constructive" liability could be subject to Relief's indemnification. *See* R. Docs. 1-1 at ¶ 47; 45-1; *see also Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 186 (La. 1999). Thus, joining Relief as a third-party defendant under Rule 14 is proper.

3. **Plaintiff's Claims of a Defective "Exterior" Plausibly Extend to Relief's Window Work**

Rule 12(b)(6) requires viable claims that present plausible factual allegations. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)). However, the pleading standard does not require "detailed factual allegations." *Id.* Rather, all well-pleaded claims are construed in the light

7

most favorable to the non-moving party. *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012); *Threlkeld v. Haskins Law Firm*, 922 F.2d at 267–68 (viewing the pleadings' allegations in the light most favorable to a third-party plaintiff for a motion to dismiss a third-party demand).

In the light most favorable to Myers, Plaintiff's allegations plausibly extend to Relief's window work. Plaintiff's initial petition alleges "construction defects in the work performed on the Project due to the negligence of [Myers] and/or its *subcontractors*." R. Doc. 1-1 at ¶ 47 (emphasis added). The Property's purported "numerous defects [are in] its roofing and/or exterior" which allegedly caused "substantial water leaks and intrusions of moisture." *Id.* It is certainly plausible that these water leaks caused by "numerous" "defects" in the Property's "exterior" includes windows. Relief also does not dispute that it was responsible for window installation and that such windows were installed into the exterior walls. *See* R. Doc. 76. The pleading standard does not require a plaintiff, absent discovery, to identify with pinpoint accuracy the exact defect. Plaintiff's broad claim of "exterior" defects may narrow with discovery to discrete areas of the Property's exterior, which may or may not include exterior windows. However, Plaintiff's allegations at this stage plausibly include all exterior work, therefore Myers's third-party demand is factually plausible.

### 4. Louisiana's Anti-Indemnity Statute Does Not Bar Myers's Third-Party Demand

Under the LAIA, any provision in a construction contract "which purports to indemnify, defend, or hold harmless ... the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee ... is contrary to the public

policy of this state and is null, void, and unenforceable." La. R.S. § 9:2780.1(B). However, the LAIA applies only to provisions that demand the indemnitor hold harmless the indemnitee for the actions of the *indemnitee*. LA R.S. § 9:2780.1(I)(1); *see also Charter Oak Fire Ins. Co. v. Bremermann Mech., Inc.*, 2022 WL 19517408, at *3 (E.D. La. 2022). The "'indemnitee' means any named party in the contract to whom indemnification is owed." La. R.S. § 9:2780.1(A)(3).

Here, the LAIA does not apply because the indemnitee is Myers, not Relief. To violate the LAIA, the subcontract would have to require Relief to defend Myers from the consequences of Myers's actions. Rather the Indemnity and Defense clauses in the subcontract require "Subcontractor [] to defend and hold Contractor, its agents, and employees, indemnified…in any way arising out of or connected with performance *by Subcontractor* of the work hereunder…unless [it is] caused solely by negligence of Contractor." R. Doc 57-3 at 4 (emphasis added). In other words, Relief, the indemnitor and subcontractor, only agreed to indemnify Myers, the contractor and indemnitee, for Relief's acts or omissions. The clauses plainly exclude indemnification for Myers's negligence. R. Doc. 45-1 (mandating Relief indemnify Myers "unless [performance is] caused solely by the negligence of Contractor" i.e., Myers). Therefore, the subcontract insofar as it applies to Relief's acts or omissions, is valid under the LAIA.

Accordingly,

9

**IT IS ORDERED** that Relief's Motion to Dismiss the Third-Party Demand Pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED.**

New Orleans, Louisiana, this 18th day of February 2025.

                                                       _____
                                                       GREG GERARD GUIDRY
                                                       UNITED STATES DISTRICT JUDGE